IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT SCHAEFER and NICHOLAS FLAX, on behalf of themselves and all other persons similarly situated, known and unknown, | Case No. |
| Plaintiffs, | Judge |
| v. | Magistrate Judge |
| WALKER BROS. ENTERPRISES, INC., WALKER BROS. HIGHLAND PARK, INC., WALKER BROS., INC., WALKER BROS. LAKE ZURICH, INC., WALKER BROS. LINCOLNSHIRE, INC., WALKER BROS. WEST, INC., and RAY E. WALKER, | TRIAL BY JURY DEMANDED |
| Defendants. | |

## COMPLAINT

Plaintiffs Robert Schaefer and Nicholas Flax, on behalf of themselves and all other persons similarly situated, known and unknown, through their attorneys and for their complaint against Defendants Walker Bros. Enterprises, Inc., Walker Bros. Highland Park Inc., Walker Bros., Inc., Walker Bros. Lake Zurich, Inc., Walker Bros. Lincolnshire, Inc., Walker Bros. West, Inc., and Ray E. Walker (collectively, "Walker Brothers"), state as follows:

### NATURE OF PLAINTIFFS' CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* (FLSA), and the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1, *et seq.*, for Defendants' failure to pay Plaintiffs and other similarly-situated current and former employees earned

minimum wage. Defendants own and operate six restaurants under the name "Walker Bros. The Original Pancake House," located in Arlington Heights, Glenview, Highland Park, Lake Zurich, Lincolnshire and Wilmette. Plaintiffs and the persons they seek to represent are current and former servers working in Defendants' restaurants. Plaintiffs bring this lawsuit as a collective action under Section 16(b) of the FLSA, and as a Rule 23 class action of the IMWL claim. Plaintiffs' consents to join the collective action are attached as Exhibit A.

Walker Brothers paid their servers a sub-minimum hourly wage under the tip-credit provisions of the FLSA and IMWL. Those provisions permit employers of tipped employees to pay wages less than the minimum wage, so long as employers comply with other requirements of the tip-credit provisions. Defendants willfully disregarded those requirements, and thus violated the federal and state minimum wage laws. Walker Brothers have a policy of regularly assigning tipped employees, paid sub-minimum wages, to perform an array of duties outside the duties of their tipped occupation. Defendants denied Plaintiffs and the class their earned wages by: (a) requiring servers to perform duties outside their tipped occupation while paying less than minimum wage, including food preparation, cleaning and other "back of the house" duties; and (b) failing to inform tipped employees of the provisions of the tip credit subsection of the FLSA.

### THE PARTIES

2. Plaintiff Robert Schaefer resides in and is domiciled in Cook County, Illinois. Plaintiff Schaefer was employed by Defendants as a server within this judicial district during the limitations period of this action. At various times he worked at the Wilmette and Glenview restaurants, and for brief stints at the Highland Park and Arlington Heights restaurants.

3. Plaintiff Nicholas Flax resides in and is domiciled in Cook County, Illinois. Plaintiff Schaefer was employed by Defendants as a server during the limitations period of this action, and worked at the Glenview restaurant within this judicial district.

4. Defendant Walker Bros. Enterprises, Inc., is an Illinois corporation that owns and operates the Walker Bros. The Original Pancake House in Arlington Heights, Illinois.

5. Defendant Walker Bros. Highland Park Inc., is an Illinois corporation that owns and operates the Walker Bros. The Original Pancake House in Highland Park, Illinois.

6. Defendant Walker Bros., Inc., is an Illinois corporation that owns and operates the Walker Bros. The Original Pancake House in Wilmette, Illinois.

7. Defendant Walker Bros. Lake Zurich, Inc., is an Illinois corporation that owns and operates the Walker Bros. The Original Pancake House in Lake Zurich, Illinois.

8. Defendant Walker Bros. Lincolnshire, Inc., is an Illinois corporation that owns and operates the Walker Bros. The Original Pancake House in Lincolnshire, Illinois.

9. Defendant Walker Bros. West, Inc., is a Delaware corporation that owns and operates the Walker Bros. The Original Pancake House in Glenview, Illinois, and is authorized to do business in the state of Illinois.

10. Defendant Ray E. Walker resides in this judicial district, is the sole or principal shareholder of Defendant corporations, is the president of each of those corporations, and is involved in the day-to-day operations of each Defendant corporation, to include the common policies that give rise to Plaintiffs' claims.

11. At all times relevant hereto, Plaintiffs were "employee(s)" of Defendants as defined by the IMWL, 820 ILCS 105/3(d), and the FLSA, 29 U.S.C. §203(d). Plaintiffs were not exempt from the minimum wage and overtime provisions of the IMWL and the FLSA.

12. At all times relevant hereto, Defendants were "employer[s]" as defined in the IMWL, 820 ILCS 105/3(c), and the FLSA, 29 U.S.C. §203(d). Defendants own and operate restaurants in the state, is an "enterprise" as defined by the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §203(s)(1). Defendants' employees are engaged in interstate commerce, and their annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes. During the course of their employment by Defendants, Plaintiffs handled goods, including perishable produce and other food products that moved in interstate commerce.

## COUNT I
### Violation of the Illinois Minimum Wage Law – Minimum Wages
### Class Action

13. This count arises from Defendants' willful violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*, for their failure to pay Plaintiffs and the class of tipped employees that they seek to represent all their earned minimum wages. Plaintiffs and the class are current and former employees of Defendants who are due, and who have not been paid, minimum wages under the provisions of the IMWL. Plaintiffs bring this Count I as a class action under Rule 23. Fed.R.Civ.P. 23.

14. Plaintiffs and other similarly-situated persons were employed by Defendants as servers, and Defendants paid them at an hourly rate less than minimum wage.

15. An employer may pay a tipped employee less than minimum wage, that is, take a 'tip credit,' if the employee receives customer tips in an amount that, together with the sub-minimum wage, equal the minimum hourly wage. IMWL, 820 ILCS 105/4(c); FLSA, 29 U.S.C. §203(m). Among other requirements, the tip credit provision does not apply unless an employee is a "tipped employee," the employer has informed the employee of the provisions of the tip credit subsection, and the employee retains all tips received by the employee, except that the pooling of tips among tipped employees is permitted. FLSA, 29 U.S.C. §203(m).

16. Although Defendants took the tip credit by paying Plaintiffs and the class less than the minimum hourly wage, Defendants did not inform the employees of the provisions of the tip credit subsection.

17. Further, Defendants have a practice of regularly utilizing tipped employees to perform 'back of the house' duties and other work not within the scope of a tipped occupation. Thus, Defendants regularly requires servers to perform such duties as food preparation and general restaurant cleaning, but continued to pay them tip-credit wages while the employees were engaged in those non-tipped duties.

18. Defendants' practices violate the minimum wage provisions of the IMWL and the FLSA.

19. Plaintiffs will seek to certify this Count I as a class action, and ask the Court to determine the rights of the class, and any other damages due, and to direct Defendants to account for all back wages, penalties and prejudgment interest thereon due to the Plaintiffs and the class that they seek to represent.

20. This Count I is brought as a class action because the class members similarly situated to Plaintiffs are so numerous that joinder of all members is impracticable. Plaintiffs therefore bring this action on their own behalf as aggrieved employees, and in their representative capacity, against Defendants. The individually named Plaintiffs and similarly-situated persons are equally affected by the minimum wage violations of Defendant, and the relief sought is for the benefit of the individual Plaintiffs and the class that Plaintiffs seek to represent.

21. The issues involved in this lawsuit present common questions of law and fact. These common questions of law and fact predominate over the variations which may exist between members of the classes, if any. The individual Plaintiffs and the class of similarly-situated persons on one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought, namely owed minimum wages plus penalties, interest, attorneys' fees and the cost of this lawsuit. The individual Plaintiffs believe and assert that they are able to fairly and adequately represent and protect the interests of the class. If individual actions were required to be brought by each of the similarly-situated persons injured or affected, it would necessarily result in multiplicity of lawsuits, creating a hardship to the individuals, to the Court, and to Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

22. The books and records of Defendants are material to Plaintiffs' action as they disclose certain of the hours worked by each employee and the rate of pay for that work.

23. Defendants violated the Illinois Minimum Wage Law by failing to compensate Plaintiffs and members of the class consistent with the minimum wage provisions.

24. Pursuant to 820 ILCS 105/12(a), affected employees are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiffs and the class pray for judgment against Defendants as follows:

A   judgment in the amount of all unpaid minimum wages due as provided by the Illinois Minimum Wage Law;

B.  prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.  reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law;

D.  an injunction precluding Defendants from violating the Illinois Minimum Wage Law; and

E.  such other and further relief as this Court deems just and proper.

## COUNT II
### Violation of the Fair Labor Standards Act – Minimum Wages
### Section 216(b) Collective Action

25. Plaintiffs hereby reallege and incorporate paragraphs 1 through 24 of this Complaint.

26. This count arises from Defendants' willful violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, for their failure to pay minimum wages to Plaintiffs and other current and former employees. Plaintiffs bring this claim as a collective action under Section 16(b) of the Act. 29 U.S.C. §216(b).

27. As servers, Plaintiffs and other current and former employees were not exempt from the minimum wage provisions of the Fair Labor Standards Act.

28. Plaintiffs and other current and former employees, as tipped employees, were paid by Defendants at a tip-credit rate less than minimum wage.

29. Although Defendants took a tip credit in paying hourly wages to Plaintiffs, Defendants failed to comply with the predicate requirements under the Act. 29 U.S.C. § 203(m). Defendants failed to inform Plaintiffs of the provisions of the tip credit subsection. Defendants regularly required Plaintiffs to perform duties, including food preparation and general cleaning, but failed to pay them at the minimum wage rate while engaged in those non-tipped duties.

30. Defendants' failure to comply with the terms of the minimum wage requirements of the FLSA regarding tip credit, and consequently, Defendants' failure to paid Plaintiffs and other similarly-situated employees minimum wage, was a willful violation of the Act.

31. Plaintiff and other similarly-situated persons are due unpaid minimum wage and liquidated damages, pursuant to 29 U.S.C. §216.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A. judgment in the amount of the owed minimum wages for all time worked by Plaintiffs;

B. liquidated damages in an amount equal to the amount of unpaid minimum wages;

C. reasonable attorneys' fees and costs incurred in prosecuting this action; and

D. such other and further relief as this Court deems just and proper.

Plaintiffs demand trial by jury.

Dated: October 5, 2010

                                          Respectfully submitted,

                                          ROBERT SCHAEFER, NICHOLAS FLAX

                                          /s/Jamie G. Sypulski
                                          One of the Attorneys for Plaintiffs

Jamie G. Sypulski
Law Office of Jamie G. Sypulski
122 South Michigan Avenue, Suite 1720
Chicago, Illinois 60603
312/360-0960

Douglas M. Werman
Maureen A. Bantz
David E. Stevens
Werman Law Office, P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
312/419-1008

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

## NOTICE OF CONSENT TO JOIN
## COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

I represent to the Court that I have worked as a server at a Walker Bros. The Original Pancake House restaurant during the last three (3) years, and that I was paid at an hourly rate less than minimum wage. I hereby give my consent to be included in this lawsuit on behalf of myself and other similarly-situated employees and to be represented by counsel for Plaintiffs.

ROBERT SCHAEFER

SIGNED *[signature]* DATED 10-4-, 2010

**Counsel for Plaintiffs:**

Jamie G. Sypulski
Law Office of Jamie G. Sypulski
122 South Michigan Avenue, Suite 1720
Chicago, Illinois 60603
312/360-0960

Douglas M. Werman
Maureen A. Bantz
David E. Stevens
Werman Law Office, P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
312/419-1008