# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6366 | **DATE** | 5/7/2012 |
| **CASE TITLE** | Robert Shaefer, et al. vs. Walker Bros. Enterprises, Inc., et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to conditionally certify the FLSA collective action under 29 U.S.C. § 216(b) [22] is granted. Defendants' request to brief the nature of the proposed notice is denied. To address Defendants' concern regarding the privacy rights of the potential plaintiffs in the FLSA collective action, the parties shall submit an agreed protective order within 14 days of entry of this Order.

■ [ For further details see text below.]                                                                 Docketing to mail notices.

## STATEMENT

   Plaintiff Robert Schaefer ("Schaefer"), on behalf of himself and others similarly situated, sues Defendants Walker Bros. Enterprises, Inc., Walker Bros. Highland Park, Inc., Walker Food Services, Inc., Walker Bros. Lake Zurich, Inc., Walker Bros. Lincolnshire, Inc., and Walker Bros. West, Inc. (collectively, "Defendants") for violating the tip credit provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(m). Before the Court is Plaintiff's motion to conditionally certify the FLSA collective action under 29 U.S.C. § 216(b). For the following reasons, the motion is granted.
   "The conditional approval process is a mechanism used by district courts to establish whether potential plaintiffs in the FLSA collective action should be sent a notice of their eligibility to participate and given the opportunity to opt in to the collective action." Ervin v. OS Restaurant Servs., Inc., 632 F.3d 971, 974 (7th Cir. 2011) (citing Myers v. Hertz Corp., 624 F.3d 537, 554-55 (2d Cir. 2010)). Conditional approval is appropriate where, as here, the plaintiff makes a minimal showing that others in the potential class are similarly situated. Jirak v. Abbott Labs., Inc., 566 F. Supp. 2d 845, 847-48 (N.D. Ill. 2008) (citations omitted). The term "similarly situated" is leniently interpreted and "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." Id. (internal quotation marks and citation omitted). "The burden in this preliminary certification is light because the risk of error is insignificant: should further discovery reveal that the named positions, or corresponding claims, are not substantially similar the defendants will challenge the certification." Betancourt v. Maxim Healthcare Servs., Inc., No. 10 C 4763, 2011 WL 1548964, at *4 (N.D. Ill. Apr. 21, 2011) (internal quotation marks and citation omitted). Thus, in most cases, a rigorous review of whether the similarly situated requirement is satisfied does not take place until the opt-in period has closed and discovery is complete. See, e.g., DeMarco v. Nw. Mem'l Healthcare, No. 10 C 397, 2011 WL 3510905, at *2 (N.D. Ill. Aug. 10, 2011).
   Defendants argue that a more rigorous review should be applied here because Schaefer initiated discovery more than ten months ago. It is unclear, however, to what extent discovery has proceeded and whether substantial discovery has taken place. See Betancourt, 2011 WL 1548964, at *12-13 (declining to

| STATEMENT |
|---|

apply a heightened standard of the conditional certification framework where the named plaintiff and two opt-in plaintiffs had been deposed and the parties had exchanged Rule 26(a) initial disclosures). The Court declines to apply a more rigorous review here.

Indeed, upon careful review of the parties pleadings, the Court finds that Schaefer has satisfied his minimal burden by demonstrating that "the Walker Bros. way of doing things" included (1) requiring servers to perform non-tipped duties, while paying them at the sub-minimum, tip-credit wage rage, and (2) failing to inform tipped employees of the provisions of § 203(m). Schaefer's motion to conditionally certify the FLSA collective action under 29 U.S.C. § 216(b) is therefore granted.

Defendants' request to brief the nature of the proposed notice is denied. To address Defendants' concern regarding the privacy rights of the potential plaintiffs in the FLSA collective action, the parties shall submit an agreed protective order within 14 days of entry of this Order.

IT IS SO ORDERED.

FILED 2012 MAY -8 PM 4:34 U.S. DISTRICT COURT